UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA H. LOCKETT,<br><br>Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE,<br><br>Defendant. | No. C-05-3978 CRB (EMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**<br><br>**(Docket No. 53)** |

Plaintiff Jessica H. Lockett has filed suit against Defendant Bayer Healthcare for employment discrimination. Currently pending before the Court is Ms. Lockett's motion to compel further responses to specific document requests. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part the motion to compel.

**I. DISCUSSION**

A. Request No. 1

The motion to compel is denied as to the first request. Bayer has submitted a declaration to support its claim that "Bayer has already provided . . . the names of the phone companies which provided to Bayer local and long-distance services" and that "Bayer no longer has the actual phone records requested" because phone call data is routinely retained for only one year. Stroud Decl. ¶¶ 3-4. There was insufficient notice to Bayer, prior to the initiation of this lawsuit, that it should have preserved the phone records at issue.

B.  <u>Request No. 2</u>

The motion to compel is granted as to this request. Whether or not Mr. Setiabudi and Mr. Nguyen were similarly situated to Ms. Lockett raises factual questions to which the requested discovery may be relevant. Moreover, this Court cannot predetermine the issue of similar situation prior to completion of discovery.

C.  <u>Request No. 3</u>

The motion to compel is conditionally denied as to this request. If Bayer stipulates that it will not, at trial, argue or present evidence that Bayer has, in effect, a worldwide policy of zero tolerance with respect to falsification and that all employees found to falsify are uniformly terminated, then the request is overbroad. If Bayer is not willing to so stipulate, then the motion to compel is granted to the extent that Ms. Lockett can identify specific instances in which she has a good faith belief that the zero tolerance policy was not followed (*e.g.*, the European incident mentioned in the document request).

Although the Court is conditionally denying the motion as to this request, Bayer is still required to produce documents related to any termination (based on alleged falsification) by the decisionmakers at issue, who the Court understands are all based in the Berkeley Business Unit. Ms. Lockett is entitled to documents, including those which describe the investigation and reasons for termination starting from August 2003, even though this will require Bayer to do a manual search for documents. The names and other identifying information of the terminated employees may be redacted, although the Court does not bar Ms. Lockett from seeking unredacted information if necessary.

In addition, Bayer is required to produce any evidence (and related documents) in the log book on discipline (for the same period discussed above) that was discussed at the hearing on the motion to compel, which reflect whether any discipline short of termination based on an employee's alleged falsification. Names may be redacted.

D.  <u>Request Nos. 6 and 7</u>

The Court reserves ruling on the motion to compel with respect to these requests. The parties shall further meet and confer on the requests. Bayer has represented to the Court that it will

produce all documents related to the alleged bases of termination as identified in Exhibit E of the Kuhlemann declaration. *See* Kuhlemann Decl., Ex. E (letter from K. Weidling to J. Lockett, dated 8/10/2004). Should Bayer not stipulate that it will not put on evidence at trial of other alleged falsification of records by Plaintiff, the scope of discovery should be expanded accordingly.

## II. CONCLUSION

For the foregoing reasons, the motion to compel is granted in part and denied in part. To the extent the motion is granted, documents shall be produced by March 28, 2008. The parties shall report back to the Court on the results of their meet and confer on Requests Nos. 6 and 7 no later than two weeks from the date of this order.

This order disposes of Docket No. 53.

IT IS SO ORDERED.

Dated: February 29, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

3