IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA H. LOCKETT,<br>    Plaintiff,<br>  v.<br>BAYER HEALTHCARE,<br>    Defendant.      / | No. C 05-03978 CRB<br>**ORDER** |

Plaintiff's motion for leave to file motion for reconsideration is DENIED. Plaintiff is correct that the Court's judgment included an erroneous factual conclusion: that Bob Russey was not "involved" in the termination decision. As Lockett notes, Russey admitted in his deposition that the team investigating Lockett's alleged falsification asked Russey for his opinion on how to discipline Lockett, and Russey recommended termination. Nonetheless, the central question remains whether a reasonable juror could conclude that Defendant's stated reason for termination – the falsification of BPRs – was pretextual and that Lockett was actually fired for filing a complaint with CalOSHA. Based upon the evidence before the Court, the answer to that question remains no.

To survive summary judgment, Lockett must establish more than that she filed a CalOSHA complaint and an individual tangentially involved in the termination decision knew that Lockett was responsible. There must be some evidence that Bayer terminated Lockett because of the complaint, rather than because Bayer believed that she falsified

1  documents.  Put simply, the mere fact that someone at Bayer knew Lockett made the
2  complaint is not the kind of "specific" and "substantial" evidence of pretext necessary to
3  create a triable issue.  <u>Godwin v. Hunt Wesson, Inc.</u>, 150 F.3d 1217, 1222 (9th Cir. 1998).
4  There must be evidence – <u>some</u> evidence – that Russey's knowledge <u>motivated</u> Lockett's
5  termination.  That evidence is nowhere to be found.  Accordingly, Lockett has not carried her
6  burden of proving pretext.

7  Lockett's other justifications for leave to file are unavailing.  If Lockett was indeed
8  precluded from properly defending the summary judgment motion because of Defendant's
9  litigation tactics, she should have filed a timely Rule 56(f) motion to order a continuance.
10 Having failed to do so, it is improper to raise discovery-related arguments now that an
11 adverse judgment has been entered.

12 Lockett argues that her termination was the result of false reports and allegations
13 levied by coworkers.  To the extent Lockett intends to suggest that those false reports
14 constituted actionable harassment, her argument is rejected for the reasons set forth on pages
15 13-15 of the Court's summary judgment order.  To the extent Lockett believes the falsity of
16 her coworkers' reports demonstrates pretext, that argument also must be rejected.  For
17 purposes of proving pretext, the pertinent question is not whether Lockett's coworkers lied –
18 or even whether Lockett falsified BPRs or not – but rather, whether Defendant "honestly
19 believed its reason for its actions, even if its reason [was] foolish or trivial or even baseless."
20 <u>Villiarimo v. Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1063 (9th Cir. 2002).  That is to say, to
21 survive summary judgment, Lockett must proffer specific and substantial evidence
22 demonstrating that Defendant did not honestly believe that she falsified BPRs.  Lockett has
23 proffered no evidence demonstrating that the defendant knew – at the time of termination –
24 that Lockett's coworkers were untruthful or untrustworthy, or that Bayer doubted the veracity
25 of the charges.

26 Finally, Lockett argues that she presented sufficient evidence of pretext with respect
27 to her racial discrimination claim, in that other non-African-American, Bayer employees who
28 also falsified BPRs were not terminated.  To show that other employees allegedly receiving

2

1 more favorable treatment are similarly situated, "the individuals seeking relief must
2 demonstrate, at the least, that they are similarly situated to those employees <u>in all material</u>
3 <u>respects</u>." <u>Moran v. Selig</u>, 447 F.3d 748, 755 (9th Cir. 2006) (emphasis added).  It is
4 material, if not dispositive, that there is a lack of any evidence establishing that coworkers of
5 Doan Tran brought evidence of her falsifications to the attention of Bayer officials.[1]  That
6 distinction is material because it is not appropriate to compare Bayer's treatment of Lockett
7 with its treatment of an employee who has had no charges of falsification levied against her.

8     Because Lockett has failed to identify a sufficient justification for reconsideration, the
9 motion for leave to file is DENIED.

10     **IT IS SO ORDERED.**

13 Dated:  March 17, 2008      CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] Indeed, unlike Lockett, Tran denies having ever pre-filled out BPRs.  <u>See</u> Tran Depo. at 57:25-58:2.